IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| EMILIE BROWN, | : | Case No. 19-23493-TPA |
| *Debtor.* | : | Chapter 7 |
| | : | |
| EMILIE BROWN, | : | Related to Doc No. 26, 34, 37, 48, 50, |
| *Movant,* | : | 51 |
| v. | : | |
| ANDREW DORSEY, | : | |
| *Respondent.* | : | |

*Appearances*:  Julie Frazee Steidl, Esq., Counsel for the Movant Emilie Brown
Rodney Shepherd, Esq., Counsel for the Respondent Andrew Dorsey

### MEMORANDUM OPINION

Currently before the Court is the Debtor, Emilie Brown's ***Motion to Enforce Discharge Order and Request for Sanctions Together with a Request for Expedited Hearing*** ("*Motion*") (Doc. 34) and Respondent, Andrew Dorsey's ***Response to Motion to Enforce Discharge Order*** ("*Response*") (Doc. 37).[1] The sole issue before the Court is whether by virtue of having obtained a money judgment that was then discharged in this bankruptcy in lieu of the return of the actual personal property forming the basis for the money judgment, the Respondent is now precluded from obtaining return of the described property. The Parties have submitted their dispute to the Court for resolution claiming no dispute as to any material fact and have filed a *Stipulation of Facts* (Doc. 48)("Stipulation") in that regard. Oral argument on the *Motion* was heard on October 26, 2020.

---

[1] This is a core matter pursuant to *28 U.S.C. §§ 157(b)(2)(I)* and *(O)*. The Court has jurisdiction over this matter pursuant to *28 U.S.C. § 1334*. This *Memorandum Opinion* represents the Court's findings of fact and conclusions of law pursuant to *Fed.R.Bankr.Proc. 7052*.

1

The current dispute arose following the "breakup" of a personal relationship between the Parties at which time the Respondent demanded return of certain items of personal property he claimed belonged to him. When the Debtor refused to return the property, apparently an encounter ensued at which time the Debtor filed a Protection From Abuse ("PFA") action in the Allegheny County Court of Common Pleas. Apparently, the Parties were able to privately resolve the PFA proceeding by entering into a PFA Consent Agreement ("Agreement") which allowed the Respondent, with the aid of a state constable, to set up a time to retrieve from the Debtor the personal property admittedly belonging to him. For our purposes, the following is the relevant language contained in the Agreement:

> Any violations of the terms of this consent agreement relating to custody, exclusive possession, property, support, or counseling may be enforced by filing of a Petition for Civil Contempt to the appropriate Motion's Judge, providing the Court has jurisdiction. *Agreement,* (Doc. 50-1, page 1);
>
> Defendant shall hire the next available constable at his expense, to retrieve his property from Plaintiff's residence. *Agreement,* (Doc. 50-1, page 2);

*See also Audio Transcript from Hearing Held October 26, 2020,* 01:16:38-01:17:03, 01:19:15 – 01:19:25 (Counsel for the Respondent referencing the language in the Agreement regarding hiring a constable to retrieve the property and enforcing the Agreement by a Petition for Contempt).

When the Respondent tried to retrieve the property, he was denied access. Instead of returning to the state trial court to enforce the provisions of the Agreement through a contempt proceeding, he opted to proceed in an Allegheny County Magisterial District Court where he obtained a monetary judgment for the value of the uncollected items of personal property remaining in the Debtor's possession. The Debtor did not respond to, or otherwise appear in, the

magisterial district proceeding which resulted in a monetary judgment being entered against her in the amount of $7,810.06.

On September 3, 2019, after the magisterial district court judgment became final, the Debtor filed the within Chapter 7 bankruptcy proceeding. In her bankruptcy petition she listed her debts, including the Respondent's money judgment, which debts were discharged upon entry of the February 26, 2020 *Order of Discharge* ("Discharge Order") (Doc. 26) issued by this Court. The Respondent had notice of the bankruptcy and the Discharge Order but never participated in the case or took an appeal. On July 22, 2020, the Respondent filed a Petition for Contempt in the Allegheny Court of Common Pleas Family Division seeking to obtain possession of the personal property described in the Agreement. The filing of the Motion and this proceeding followed.

As previously noted, the question for this Court to determine is whether the Discharge Order entered herein bars the Respondent from pursuing what he terms as the "equitable remedy" of seeking a state court order directing the return of his personal property pursuant to the terms of the Agreement. He believes this approach appropriate even though he has already exercised rights under the Agreement and sought the remedy of and received a money judgment for damages which judgment was ultimately discharged in this proceeding. The Debtor claims that under the Pennsylvania election of remedies doctrine the Respondent is entitled to but one "bite of the apple" to which he has already partaken. The Court agrees with the Debtor and finds that because of the February 26th Discharge Order discharging the debt owed to him, the Respondent is now barred from enforcing his claim for the return of the personal property described in the Agreement.

There is no dispute between the Parties that Pennsylvania substantive law controls here and the "election of remedies" doctrine prevents a party from pursuing inconsistent remedial rights arising out of a single claim. *Wedgewood Diner, Inc. v. Good,* 534 A.2d 537, 538 (Pa. Super. Ct. 1987). Their dispute centers on how the Pennsylvania election of remedies doctrine applies to these facts. Pennsylvania courts have defined the election of remedies doctrine as an application of the law of estoppel which does not allow a party to maintain inconsistent prosecutorial positions. *Id.* When a party has explicitly chosen one of two or more inconsistent remedial rights, the election of remedies doctrine precludes them from benefitting from the other, abandoned remedies. *Gamesa Energy USA, LLC v. Ten Penn Center Assoc., L.P.,* 181 A.3d 1188 (Pa. Super. Ct. 2018).

In his brief and at the October 26th oral argument, the Respondent argued that the Debtor's discharge could have no conceivable effect on the Respondent's equitable right to retrieve his personal property. In support he claims that *11 U.S.C. § 524(a)(1)* only discharged the Debtor's personal liability on the money judgment and the contempt remedy afforded by the Agreement remains available for the Respondent to pursue. He further argues that the appropriate application of the doctrine thereby prevents the pursuit of more than one remedy at a time and does not prevent a party's ability to seek an alternate remedy at a later time. In the Respondent's view, the doctrine simply prevents a party from pursuing different remedies simultaneously thereby barring a double recovery on the same injury. His Counsel reasons that the Respondent will not receive a double recovery here since the monetary judgment has previously been discharged. In support of this argument, the Respondent refers to the cases of *Schwartz v. Rockey,* 932 A.2d 885 (Pa. 2007) and *In re Pribonic,* 70 B.R. 596 (Bankr. W.D. Pa. 1987). Unfortunately, the Respondent's reliance on these cases in furthering his cause is misplaced.

4

The narrow issue for the *Schwartz* court to decide was whether a complaint seeking contract-based damages prevents the amendment to a complaint substituting an inconsistent, equitable remedy prior to final judgment. *Id.* at 893. As the court stated:

> This appeal does not require us to definitively determine whether inconsistent remedies may be simultaneously pursued in a civil action in Pennsylvania, but rather, only whether a complaint containing a prayer for relief seeking contract-based damages forecloses a subsequent amendment substituting an inconsistent, equitable remedy. We find that it should not, at least where it is alleged that the plaintiff lacked knowledge of material facts, and in the absence of demonstrated detrimental reliance by an opposing party. Early precedent of this Court supports our conclusion in this regard.

*Schwartz*, 932 A.2d at 893–94. The *Schwartz* court simply found that the election of remedies doctrine does not prevent amendment to a complaint, pre-judgment, to include an equitable remedy which is at odds with a previously pled claim for relief, especially where the Plaintiff lacks knowledge of material facts supporting the allegation and where there has been no demonstrated detrimental reliance by an opposing party. *Id.* The key point in *Schwartz* being, under the circumstance presented, a party may seek inconsistent remedies before a final judgment is entered. This holding is inapplicable to the Respondent's position in this case.

To further justify his attempt to seek return of the subject personal property, Respondent also relies on a prior decision from this District. Similarly, his reliance on that case is not helpful to his cause. In *Pribonic, supra,* the bankruptcy court for the Western District of Pennsylvania determined whether buyers who executed a pre-bankruptcy real estate sales agreement culminating in a state court final decree in specific performance had an equitable ownership interest in the property, and if so, whether that interest was avoidable in bankruptcy and whether the equitable owners possessed standing to request relief from the automatic stay. 70 B.R.

at 598. Finding the agreement to be neither executory in nature nor a judicial lien, the court found that when the sales agreement supported by a final decree in specific performance prior to the bankruptcy, the buyers became the equitable owners of the property under the doctrine of equitable conversion. *Id.* at 599. As such, the court's analysis of the issues in *Pribonic* has nothing to do with the election of remedies and does nothing to further the Respondent's argument.

The Debtor counters Respondent by claiming that his characterization of the *Schwartz* court's application of the election of remedies doctrine is overly broad. She correctly points out that *Schwartz* only considered whether a party under the circumstances presented could amend a complaint for damages to include an equitable remedy, not whether an equitable remedy can be pursued after a monetary judgment has already been obtained on the same cause of action.

Furthermore, the Debtor argues that Pennsylvania law only supports the relief of specific performance in extraordinary circumstances when a party cannot be fully compensated by an award of damages. *Lower v. Lower,* 584 A.2d 1028, 1030-31 (Pa. Super. 1991). By contrast in this case, the Respondent was able to receive a judgment for damages which was a complete measure of the value of the property. According to the Debtor, the Respondent's act of obtaining the civil judgment for money damages forecloses him from obtaining relief based on the remedy of specific performance to retrieve his personal property, further evidenced by the Respondent attaching the list of property as an exhibit to the complaint for the monetary judgment. *See Audio Transcript of Hearing Held October 26, 2020,* at 01:20:43 – 01:21:1670; *Notice of Judgment/ Transcript Civil Case* (Doc. 37-3, page 8). Finally, as argued by the Debtor, the act of filing the Petition for Contempt of the Agreement post-discharge violates the Debtor's Discharge Order.

6

By obtaining the state court monetary judgment, the Respondent abandoned his right to seek recovery of the property. The Pennsylvania election of remedies doctrine does little to further the Respondent's position, and if anything, supports the Debtor's position that a party is only entitled to a single remedy under the law. The Respondent clearly chose to pursue monetary damages and was awarded a money judgment for his effort. The money judgment was discharged by the *Order of Discharge* (Doc. 26). Accordingly, he has waived any right to a specific performance remedy.

Although not raised by the Debtor in support of the *Motion,* it would also appear that, in the alternative, the final judgment on the merits in the form of the now-discharged monetary judgment is conclusive as to the rights of the Parties. Therefore, the doctrine of *res judicata* also bars further action by the Respondent on the same claim or cause of action. *Schultz v. City of Philadelphia*, 460 A.2d 833 (Pa. Super. Ct. 1983).

A claim for *res judicata* requires the following conditions to be met: "(1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of persons and parties to the action; and, (4) identity of the quality or capacity of the parties suing or sued." *Callery v. Municipal Authority of Blythe Twp.*, 243 A.2d 385 (Pa. 1968). The main question in considering a claim of *res judicata* is whether the controlling issues have been decided in a prior proceeding where the present parties had an opportunity to appear and assert their rights. *Id.*

The doctrine of *res judicata* applies here since the Respondent's state court Petition for Contempt involves the same property as the action for the monetary award[2], the same action as seeking the property in its equivalent monetary value, the same parties to the action, and the party suing, (Respondent), and that being sued, (Debtor) have the same capacity as the prior cause of action involving the monetary judgment. Pennsylvania courts have consistently held that default judgments are final judgments on the merits for purposes of *res judicata* regarding transactions that occurred prior to the entry of judgment. *Stuart v. Decision One Mortg. Co., LLC*, 975 A.2d 1151 (Pa. Super. Ct. 2009). Therefore, for purposes of *res judicata,* re-litigation of the instant matter, i.e., enforcement of the Agreement for return of the subject property, is barred.

In addition to the legal considerations and findings stated, above, a reference to the applicable law on discharge found in *11 U.S.C. §524(a)(1)* is also appropriate. Under *§524(a)(1)* a debt discharged pursuant to *§727* voids any judgment to the extent the judgment is a determination of the debtor's personal liability of the discharged debt. *§727* discharges the debtor from all debts that arose before the date of the order for relief, and any liability on a claim that is determined under *§502* if such claim arose before the commencement of the case, whether or not a proof of claim is filed. According to *§101(b)(5)*, a "claim" is defined as (a) a right to payment, whether or not reduced to judgment, or (b) a right to an equitable remedy for breach of performance, if such breach gives a right to payment, whether or not such right to an equitable

---

[2] The fact that the prior monetary award was an *in personam* proceeding while the Petition for Contempt, according to the Respondent, is *in rem,* is irrelevant as that is a technical distinction without a difference to the application of *res judicata. See Balent v. City of Wilkes-Barre,* 669 A.2d 309 (Pa. 1995); *Swift v. Radnor Twp,* 983A.2d 227, 232 (Pa. Cmmw. Ct. 2009)(party cannot escape operation of *res judicata* by altering the character of the relief sought).

remedy is reduced to judgment.[3] Not only does the Debtor's discharge void the monetary judgment, it also voided the equitable remedy for breach of performance. Therefore, the Respondent's analysis of the discharged debt in this case is directly at odds with the relevant provisions of the Bankruptcy Code.

To summarize, the Respondent elected the remedy of monetary damages, in lieu of seeking an order for contempt to retrieve the property. At that point, the Respondent's alternative relief pursuant to a claim for turnover of the personal property was barred by the doctrine of *res judicata*. The Debtor has received a discharge under *§524(a)(1)* which voids any personal liability as to the money judgment and which extends as well to any equitable remedies associated therewith. Any action taken by the Respondent to further pursue any claim for breach of the Agreement, whether it be for payment of money damages or seeking enforcement of the extinguished equitable remedy, is a clear violation of this Court's *Order of Discharge.*

In the *Motion*, the Debtor also seeks a sanction of $1,000 against the Respondent and an award of $1,750 for attorney fees. The Court declines to award any sanctions or attorney fees in this matter for two reasons. First the Debtor failed to provide any evidence in support of the claimed damages. Second, the Supreme Court recently addressed the issue of when a court could hold a creditor in civil contempt for violating a discharge order and concluded the applicable provisions under the Bankruptcy Code:

---

[3] The court in *Pribonic* specified that when a creditor possesses an equitable remedy for breach of performance, that creditor will have a claim in bankruptcy "only if the specific performance decree may be satisfied by an alternate award of money damages." 70 B.R. at 601. Clearly, the present case falls within this description since the specific performance remedy gave rise to the Respondent's monetary judgment.

> ... authorize a court to impose civil contempt sanctions when there is objectively reasonable basis for concluding that the creditor's conduct might be lawful under the discharge order.

*Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801 (2019). The *Taggart* Court further noted civil contempt is a severe remedy and should not be resorted to where there is a "fair ground of doubt as to the wrongfulness of defendant's conduct." *Id.* (quoting *California Artificial Stone Paving Co. v. Molitor*, 113 U.S. 609 (1885)).

Applying that standard here, the Court finds that sanctions and attorney fees should not be awarded. While the Debtor has prevailed, the legal issue presented here was not originally crystal clear as demonstrated by the fact that neither side could point to any authority directly on point. That being so, there was at least some fair ground of doubt here as to whether Respondent's Petition for Contempt was wrongfully initiated.

An appropriate order follows.

Dated: November 16, 2020

Thomas P. Agresti, Judge
United States Bankruptcy Court

Case administrator to serve:
    Debtor
    Julie Frazee Steidl, Esq.
    Rodney Shepherd, Esq.
    The Honorable Hugh F. McGough
        Court of Common Pleas
        Room 5069, Family Law Center
        440 Ross Street
        Pittsburgh, PA 15219